IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-01622 |
| vs. | : | |
| **JENNIFER SEROSKI, ET AL.,** | : | (Judge Rambo) |
| Defendants | : | |

## MEMORANDUM

### Background

On August 3, 2016, Plaintiff Kareem Hassan Milhouse, an inmate currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg), filed a complaint pursuant to 28 U.S.C. § 1331, the Federal Tort Claims Act ("FTCA"), and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>,

403 U.S. 388 (1971).[1] Milhouse also filed a motion to proceed in forma pauperis. (Doc. 2)

Milhouse names as Defendants the following 6 individuals employed at USP-Lewisburg: (1) Jennifer Seroski, physician assistant; (2) Andrew M. Edinger, Medical Director; (3) Frederick Alma, referred to as "Mid-Level Provider;" (4) Francis Fasciana, also referred to as "Mid-Level Provider;" (5) Scott Hulzaple, Associate Warden; and (6) David J. Ebbert, Warden. (Doc. 1.) Milhouse contends that Defendants were negligent

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States v. Muniz, 374 U.S. 150, 150 (1963). In presenting a FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd 306 F.2d 713 (3d Cir. 1962), cert. denied, 371 U.S. 923 (1962).

Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

and deliberately indifferent when they failed to provide him with appropriate medications for pain in March to July, 2016, and that a medication that they did prescribe in March and May, 2016, Duxotenie, caused side-effects, i.e., blood in his urine. Milhouse states that medication was discontinued and that they continued to prescribe other medications. He also avers that Defendant Edinger informed him that Duloxetine[2] does not cause blood in the urine. There are no allegations in the complaint from which it could be concluded that Defendants were negligent or deliberately indifferent to his medical needs. Milhouse merely takes issue with the medical providers decisions regarding what medications to prescribe him. As for the Warden and Associate Warden their only involvement appears to be with respect to acting on grievances filed by Milhouse. Milhouse

---

2. Duloxetine (brand name Cymbalta) is prescribed for major depressive disorder, generalized anxiety disorder, fibromyalgia and neuropathic pain. Duloxetine delayed-release capsules, Drugs.com, https://www.drugs.com/cdi/duloxetine-delayed-release-capsules.html (Last accessed December 5, 2016.)

requests compensatory and punitive damages and injunctive relief.

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision.  Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc).  The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002).  "Imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. Abdul-Akbar,

239 F.3d at 312.  Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.  The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

In the motion to proceed in forma pauperis filed by Milhouse, he admitted that he had filed 3 or more civil complaints which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted. (Doc. 2.)  Furthermore, a review of the court's docket reveals that Milhouse in fact has three strikes. Those case are as follows: Milhouse v. Bledsoe, Civil No. 10-00053 (M.D.Pa. filed Jan. 11, 2010); Milhouse v. Heath, Civil No. 15-00468 (M.D.Pa. filed Mar. 19, 2015); and Milhouse v. John Doe 1-3, Judges of the Third Circuit Court of Appeals, Civil No. 16-146 (M.D.Pa. filed Jan. 27, 2016).

5

Milhouse, however, also claims that he is in "imminent" danger of serious physical injury and in support of that claim states:

> I suffer from several diagnosed medical conditions that cause excruciating pain. Meanwhile the pain medication that I was prescribed from approx. Feb. 2011 was discontinued on April 27, 2016, "Gabapentin." The physician state only "Duloxetine" is available which caused blood in my urine both times I was prescribed "Duloxetine" and I began again urinating blood. Urinalysis on June 17, 2016 was positive for Blood.

(Doc. 2, at 2.)  After reviewing Milhouse's complaint and the assertions regarding "imminent" danger set forth in his application to proceed in forma pauperis, the court concludes that Milhouse's allegations do not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g).  While Milhouse may assert that he is in pain, this type of complaint does not establish that he is in imminent danger of serious physical injury. Furthermore, relying on such speculative allegations of imminent danger would eviscerate the intent of Congress to penalize those who have filed three or more actions which have been dismissed as frivolous or have failed to state a claim

upon which relief may be granted. Milhouse's allegations fail to rise to level of imminent danger under the statute.  Consequently, Milhouse's complaint will be dismissed without prejudice.

An appropriate order will be entered.


                                    s/Sylvia Rambo
                                   SYLVIA H. RAMBO
                                   United States District Judge

Date: December 6, 2016